**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 03-6696**

―――――――――

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

PATRICK ALLEN BROWN,

                                        Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Peter J. Messitte, District Judge.  (CR-96-418, CA-02-3775-PJM)

―――――――――

Submitted:  June 10, 2003            Decided:  June 30, 2003

―――――――――

Before WIDENER, WILLIAMS, and TRAXLER, Circuit Judges.

―――――――――

Dismissed by unpublished per curiam opinion.

―――――――――

Patrick Allen Brown, Appellant Pro Se. Gina Laurie Simms, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Patrick Allen Brown seeks to appeal the district court's order denying his motion to reconsider, under Fed. R. Civ. P. 60(b), the court's earlier denial of his motion under 28 U.S.C. § 2255 (2000) motion. The district court construed the Rule 60(b) motion under § 2255 and denied the motion as successive, noting that Brown would need to seek authorization from this court to file a such a motion. This court may grant a certificate of appealability for the appeal of a § 2255 motion only if the appellant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2) (2000). Where, as here, a district court dismisses a motion to vacate on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), cert. denied, 534 U.S. 941 (2001). We have independently reviewed the record and conclude that Brown has not satisfied either standard. See Miller-El v. Cockrell, 123 S. Ct. 1029 (2003).

We construe Brown's notice of appeal and informal brief on appeal as an application to file a second or successive motion to

2

vacate under 28 U.S.C. § 2255.  See United States v. Winestock, __ F.3d ____, 2003 WL 1949822, at *7 (4th Cir. 2003).  In order to obtain authorization to file a second motion to vacate, a movant must assert claims based on either:  (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b)(3)(C), 2255 ¶ 8 (2000).  Brown's claims do not satisfy either of these conditions.  Therefore, we decline to authorize Brown to file a successive § 2255 application.

Accordingly, we deny a certificate of appealability and dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED